REDMANN, Judge.
Plaintiff appeals from a judgment dismissing its suit for damage to a utility pole caused by an unattended motor home’s rolling down an inclined concrete driveway and into the pole. Defendant had parked the vehicle on the driveway four hours before the accident.
We reverse. We see no distinction between this case and Lefevre v. Allstate Ins. Co., 258 So.2d 397 (La.App. 4 Cir. 1972). Defendant argues that it appears that an 11-year-old neighbor, a known prankster if not vandal, probably caused the accident by shifting the transmission out of the “park” position. We conclude to the contrary that the risk of a neighbor child’s meddling with a vehicle is within the scope of the duty one has “[wjhen leaving [a] car unattended on an incline, ... to take the necessary steps to reasonably insure that the car would not roll backward down the incline and injure persons or property.” Lefevre, at 399-400.
It is immaterial that defendant was not the owner of the vehicle, because his liability arises out of his personal act of leaving the unattended vehicle on an incline and unsecured. (One sympathizes with defendant, who had bought the vehicle but had to give it up to the true owner when it proved *11 stolen; but we repeat ownership is immaterial to this case just as it would be had defendant personally driven the vehicle into the utility pole.)
Reversed; judgment for plaintiff for the stipulated amount of $553.48 with interest from judicial demand and costs.